UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THERESA LATHAM | : | CIVIL ACTION NO. |
|     Plaintiff | : | |
| | : | |
| v. | : | TRIAL BY JURY DEMANDED |
| | : | |
| SANFORD AUTO CENTER, LLC | : | |
| and CREDIT ACCEPTANCE CORP. | : | |
|     Defendants | : | MARCH 23, 2017 |

## COMPLAINT

### I.   INTRODUCTION AND JURSDICTIONAL ALLEGATIONS

1. This is a suit brought by a consumer against Sanford Auto Center, LLC ("Sanford Auto") for violations of the Truth in Lending Act ("TILA") 15 U.S.C. §§ 2301 *et seq.*, and for pendent state law claims under Article 2 of the Connecticut Uniform Commercial Code, Conn. Gen. Stat. §§ 42a-2-101 *et seq.*, the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq.*, and the Connecticut Retail Installment Sales Finance Act ("RISFA"), Conn. Gen. Stat. 36a-770 *et seq.*  Plaintiff alleges breach of express warranty, breach of the implied warranty of merchantability, fraudulent misrepresentation, and negligent misrepresentation against Sanford Auto.  Plaintiff also has claims against Credit Acceptance Corporation. ("Credit Acceptance Corp."), the assignee of the retail installment contract.

2. Plaintiff, Theresa Latham ("Plaintiff") is a natural person residing in Oakdale, Connecticut.

3. Sanford Auto is a Connecticut limited liability corporation that operates an automobile dealership in Norwich, Connecticut.

4. Credit Acceptance Corp. is a Michigan corporation with headquarters in that state, and is a finance company that accepts assignment of retail installment sales contracts from motor vehicle dealerships such as Sanford Auto.

5. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1640(e) and 28 U.S.C. § 1331.

6. This Court has jurisdiction over Sanford Auto because it is organized under the laws of this state and regularly conducts business in this state.

7. This Court has jurisdiction over Credit Acceptance Corp. because it regularly conducts business in this state by accepting assignment of retail installment sales contracts from Connecticut motor vehicle dealerships.

8. Venue in this Court is proper because the Plaintiff and Sanford Auto are Connecticut residents and the transaction alleged herein occurred in this state.

## II.     ALLEGATIONS OF FACT

9. On or about March 25, 2016, Plaintiff traveled to Sanford Auto to shop for a used car.

10. Plaintiff saw a 2008 Dodge Avenger (the "Vehicle") on Sanford Auto's sales lot with a price of three-thousand, seven hundred seventy-seven ($3,777) dollars prominently displayed in large numbers across the Vehicle's windshield and windows.

11. The display of the Vehicle's price constitutes an "advertisement" pursuant to Conn. Agency Reg. § 42-110b-28(a)(3).

12. On March 25, 2016, Plaintiff placed a down payment of $500.00 on the Vehicle.

13. On March 26, 2016, Plaintiff returned to Sanford Auto and provided an additional $300.00 for her down payment, bringing the total amount of the down payment to $800.00.

14. During her March 26th visit to the dealership, Sanford Auto asked Plaintiff to sign a blank purchase order and invoice and provide an electronic signature.  Sanford Auto stated that the

employee who usually filled in such paperwork was not at work, but assured her that the documents would accurately reflect the terms of the purchase, including the $3,777 cash price, when the Vehicle was delivered to her.

15. The Vehicle was not ready for Plaintiff to take home on March 26, 2016.  Sanford Auto told Plaintiff that the Vehicle's air filter needed to be repaired and that the Vehicle would be ready the following day.

16. Plaintiff signed the blank Purchase Order and Invoice and provided her signature on an electronic device which Sanford Auto used to generate a digital Retail Installment Contract.

17. Sanford Auto did not provide Plaintiff with copies of the Purchase Order, Invoice or Retail Installment Contract at the time of signing, in violation of Conn. Gen. Stat. § 14-62(a).

18. On March 29, 2016, Plaintiff returned to Sanford Auto to pick up the Vehicle.

19. On that day, Sanford Auto handed her an envelope containing copies of the purchase order and invoice that she previously signed in blank.  She was not given a copy of the retail installment contract.

20. The Purchase Order and Invoice that Sanford Auto provided her on March 27, 2016 did not reflect the financial terms that were agreed upon.  The documents stated a cash price of $5,100 and a total cash price, following the addition of various fees, taxes and costs, of $5,764.81.

21. When Plaintiff asked why the paperwork did not reflect the advertised and agreed-upon price of $3,777, Sanford Auto told her the price was higher because Credit Acceptance Corp. charged a fee to process the financing paperwork.  Sanford Auto further indicated it needed to charge her $5,100 in order to receive $3,777 from Credit Acceptance Corp.

22. Credit Acceptance Corp. routinely charges motor vehicle dealerships a fee for accepting assignment of retail installment contracts.  The Plaintiff's retail installment contract was created based on a template designed by Credit Acceptance Corp.

23. When Sanford Auto told Plaintiff that it had raised the price of the Vehicle, Plaintiff stated that she did not wish to purchase the Vehicle.  She asked Sanford Auto to cancel the contract and refund her money.  Sanford Auto refused.

24. Credit Acceptance Corp. was the assignee of the Contact and, under its terms, was liable to Plaintiff for the amount she has paid.

25. Pursuant to Conn. Gen. Stat. § 52-572g, Plaintiff has made a prior written demand to Sanford Auto which made Credit Acceptance Corp. liable to Plaintiff for her damages for an additional amount that included the unpaid balance due under the Contract as of the date that Plaintiff asserted claims against Credit Acceptance Corp.

26. Sanford Auto failed to provide Plaintiff with a Connecticut Department of Motor Vehicles Form K-208 at the time of purchase evidencing the results of the mandatory safety inspection used motor vehicle dealers are required to undertake prior to offering a vehicle for sale, in violation of Conn. Gen. Stat. § 14-62(g).

27. Immediately after taking delivery, the Vehicle's "Check Engine" light came on.

28. Independent inspection shows that at the time of sale, the Vehicle contained serious defects which substantially impair the value of the Vehicle to Plaintiff.  These defects include but are not limited to the Vehicle's brakes, rotors, brake calipers, air filter, tires and catalytic converter and damage to the Vehicle's door.

29. Plaintiff accepted the Vehicle because she was unaware of any defects and because she relied on Sanford Auto's representations about the history and condition of the Vehicle.

30. Sanford Auto knew of the damage to the Vehicle at the time of sale because the damage would be apparent and obvious to any automotive professional performing a mandatory safety inspection.

31. The Vehicle contains defects to equipment and components that Sanford Auto was required to inspect before offering the Vehicle for sale pursuant to Conn. Gen. Stat. § 14-62(g).

32. As a result of the substantial damage, Plaintiff has lost the use of the Vehicle. She has incurred diagnostic and repair costs and has been forced to secure and pay for alternative means of transportation.

33. Plaintiff's daughter, Deborah Piscatelli, called Sanford Auto days after the purchase on behalf of and with authority from Plaintiff to negotiate a return of the Vehicle. Sanford Auto Agreed to accept return of the Vehicle and provide a refund to Plaintiff. However, days later, Sanford Auto breached this agreement by refusing to take the Vehicle back and provide a refund because it discovered Plaintiff had filed a dealer's commission complaint against it with the Connecticut Department of Motor Vehicles.

### III. CAUSES OF ACTION

#### A. TRUTH IN LENDING ACT

34. Plaintiff hereby incorporates paragraphs 1 through 33 as if fully set forth herein.

35. Sanford Auto violated TILA by charging a higher price for a vehicle purchased on credit than would have been charged in a cash transaction, and by failing to accurately disclose the terms of the credit transaction.

36. Sanford Auto added $1,323.00 to the advertised price of the Vehicle because the Plaintiff was financing the purchase instead of paying cash.

37. The cost of $1,323.00 was related to the extension of credit and therefore required to be disclosed as a finance charge.

38. Sanford Auto did not disclose this amount as part of the finance charge. It included this amount as part of the amount financed. Because of this, Plaintiff will be required to pay additional finance charges and sales tax due to the increased amount financed.

39. As a result of including the $1,323.00 as part of the finance charge, Sanford Auto failed to accurately provide Plaintiff with required disclosures pursuant to 15 U.S.C. § 1638(a).

40. When properly treated as a finance charge, the annual percentage rate of interest exceeds the 19% limit established by RISFA, Conn. Gen. Stat. §36a-772.

41. Sanford Auto violated TILA by failing to disclose required credit terms clearly and conspicuously. Throughout the purchase order, information written down by Sanford has been crossed out and rewritten, or crudely written over, making the information illegible.

42. The Contract included charges of $2,000.00 for a GAP insurance coverage even though Plaintiff did not ask for or desire GAP insurance.

43. Sanford violated TILA by providing a conflicting information to Plaintiff about the due date for the first required payment. The purchase order states that the first payment is due on May 26, 2016 while the retail installment contract indicates that payment is actually due one month earlier, on April 26, 2016.

44. Sanford further violated TILA because it an excessive and incorrect amount of sales tax in violation of Conn. Gen. Stat. 12-408. A 6.35% sales tax on a purchase price of $5,100 equals $323.85. Sanford Auto charged Plaintiff $335.85 in sales tax. This error is apparent on the face of the Purchase Order and Retail Installment Contract.

45. For its violations of TILA, Sanford Auto is liable to Plaintiff for double the finance charge, capped at $2,000.00, plus a reasonable attorney's fee.

### B. CONNECTICUT UNFAIR TRADE PRACTICES ACT

46. Plaintiff hereby incorporates paragraphs 1 through 45 as if fully set forth herein.

47. Sanford Auto has engaged in unfair acts and practices in trade or commerce in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq.* in connection with the transaction as follows:

   a. It failed to provide Plaintiff with a copy of the Purchase Order Retail Installment Contract and Invoice at the time of signing in violation of Conn. Gen. Stat. § 14-62(a) and a *per se* violation of CUTPA pursuant to Conn. Agency Reg. § 42-110b-28(b)(23);

   b. It charged more than the advertised price for a motor vehicle, in violation of Conn. Agency Reg. § 42-110b-28(b)(1);

   c. It failed to accurately disclose the amount financed, finance charge and annual percentage rate in violation of TILA and a *per se* violation of CUTPA pursuant to Conn. Agency Reg. § 42-110b-28(b)(23);

   d. It charged an excessive and incorrect amount of sales tax in violation of Conn. Gen. Stat. §12-408;

   e. It failed to complete a comprehensive safety inspection of the Vehicle before offering it for retail sale, or if it did conduct a safety inspection, it sold the Vehicle notwithstanding the defects, in violation of Conn. Gen. Stat. § 14-62(g), and a *per se* violation of CUTPA pursuant to Conn. Agency Reg. § 42-110b-28(b)(23);

   f. It failed to provide Plaintiff, at the time of sale, with a copy of Connecticut DMV form K-208, evidencing the results of the comprehensive safety inspection used car dealers are

required to complete before offering a vehicle for retail sale, in violation of Conn. Gen. Stat. § 14-62(g), and a *per se* violation of CUTPA pursuant to Conn. Agency Reg. § 42-110b-28(b)(23);

 g. It failed to provide Plaintiff with a copy of the Vehicle's Buyers Guide at the time of purchase in violation of the federal Used Motor Vehicle Rule, 16 C.F.R. § 455.3, and a *per se* violation of CUTPA pursuant to Conn. Agency Reg. § 42-110b-28(b)(23);

 h. It charged Plaintiff for GAP insurance coverage that she did not ask for or desire;

 i. It sold Plaintiff a vehicle that was not fit for its ordinary purpose or in condition for legal operation on Connecticut roads in violation Conn. Gen. Stat. § 14-62(g), and a *per se* violation of CUTPA pursuant to Conn. Agency Reg. § 42-110b-28(b)(23);

 j. It failed to provide written disclosure of unrepaired defects in violation of Conn. Gen. Stat. § 14-62(g), and a *per* se violation of CUTPA pursuant to Conn. Agency Reg. § 42-110b-28(b)(23);

 k. It failed to list promised repairs in writing and attach a copy of the list to the Contract and incorporate said list into the Contract in violation of Conn. Gen. Stat. § 42-225(c), and a *per* se violation of CUTPA pursuant to Conn. Agency Reg. § 42-110b-28(b)(23);

 l. It declined to honor an agreement to accept return of the Vehicle and provide a refund after it discovered Plaintiff had lodged a complaint against it with the CT DMV dealer's commission in connection with the purchase of the Vehicle.

48. As a result of the aforedescribed conduct, Sanford Auto is liable to Plaintiff for her damages, punitive damages, and costs and attorney's fees.

49. Plaintiff also seeks as an equitable remedy, an order that the purchase is rescinded and that Sanford Auto be permitted to retrieve the Vehicle upon payment of the amounts paid by Plaintiff.

### C. BREACH OF EXPRESS WARRANTY

50. Plaintiff hereby incorporates paragraphs 1 through 49 as if fully set forth herein.

51. Sanford Auto made representations and affirmations of fact about the condition of the Vehicle that the Plaintiff relied on and which became a part of the basis of the bargain. Those representations and affirmations of fact constituted express warranties pursuant to Conn. Gen. Stat. § 42a-2-313 and cannot be waived by operation of Conn. Gen. Stat. § 42-224(c).

52. Sanford Auto promised Plaintiff that the Vehicle was in excellent condition and that it would repair any defects before delivering the Vehicle to the Plaintiff.

53. Sanford Auto failed to repair the Vehicle's defects. Instead, it delivered Plaintiff a vehicle with serious mechanical problems that was in a dangerous state of disrepair.

54. Some or all of Sanford Auto's breaches of express warranty were tortious in nature, in bad faith, were wanton and malicious, outrageous, and were undertaken with bad motive and with a reckless indifference to Plaintiff's interests and the injury that she sustained, entitling her to common law punitive damages.

### D. FRAUDULENT MISREPRESENTATION

55. Plaintiff hereby incorporates paragraphs 1 through 54 as if fully set forth herein.

56. Sanford Auto has made false and fraudulent representations to Plaintiff regarding the Vehicle.

57. Specifically, Sanford Auto misrepresented the existence, nature and extent of defects present in the Vehicle at the time of sale.

58. Sanford Auto falsely represented to the Plaintiff that the Vehicle was in merchantable condition and also misrepresented the serious nature of needed repairs that it promised to make before delivering a fully roadworthy Vehicle to her.

59. Sanford Auto made untrue statements about having repaired the Vehicle's defects.

60. Sanford Auto knew or should have known that the aforementioned representations were false and it made them with the intent that the Plaintiff rely on them.

61. The Plaintiff justifiably relied on Sanford Auto's representations and as a result, she has suffered significant harm, including but not limited to purchasing a car that was not roadworthy, worth substantially less than she bargained for and which she has been forced to spend money inspecting and repairing and based on loss of use of the Vehicle.

62. Sanford Auto is liable for Plaintiff's damages, including common law punitive damages.

### E. NEGLIGENT MISREPRESENTATION

63. Plaintiff hereby incorporates paragraphs 1 through 62 as if fully set forth herein.

64. Sanford Auto has made false representations to the Plaintiff regarding the Vehicle.

65. Specifically, Sanford Auto misrepresented the existence, nature and extent of defects present in the Vehicle at the time of sale.

66. Sanford Auto falsely represented to the Plaintiff that the Vehicle was in merchantable condition and also misrepresented the serious nature of needed repairs that it promised to make before delivering a fully roadworthy Vehicle to her.

67. Sanford Auto made untrue statements about having repaired the Vehicle's defects.

68. Sanford Auto knew or should have known that the aforementioned representations were false and it made them with the intent that the Plaintiff rely on them.

69. The Plaintiff justifiably relied on Sanford Auto's representations and as a result, she has suffered significant harm, including but not limited to purchasing a car that was not roadworthy, worth substantially less than she bargained for and which she has been forced to spend money inspecting and repairing and based on loss of use of the Vehicle.

70. Sanford Auto is liable for Plaintiff's damages.

71. Because the representations were made with a reckless indifference to Plaintiff's rights, Sanford Auto is also liable for common law punitive damages.

### F. BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY.

72. Plaintiff hereby incorporates paragraphs 1 through 71 as if fully set forth herein.

73. Sanford Auto failed to adequately disclaim implied warranties by making material and fraudulent misrepresentations to Plaintiff as aforedescribed, and by failing to timely and accurately provide her with required information about the financial terms of the purchase.

74. As a result, a warranty that the Vehicle was in merchantable condition was implied by operation of Conn. Gen. Stat. § 42a-2-314.

75. Sanford Auto breached the implied warranty of merchantability because the Vehicle was not in merchantable condition at the time of purchase and because it would not pass in trade without objection.

76. Sanford Auto is liable to Plaintiff under Article 2 of the UCC and the Magnuson-Moss Warranty Act for her damages.

77. Sanford's breaches of warranty were tortuous in nature, in bad faith, were wanton and malicious, and were undertaken with bad motive and with a reckless indifference to Plaintiff's interests and the injury that she sustained, entitling her to common law punitive damages.

WHEREFORE, the Plaintiff seeks actual damages, statutory damages, common law punitive damages, statutory punitive damages, an order rescinding the sale, attorney's fees and costs.

                PLAINTIFF, THERESA LATHAM

                By: /s/ Jesse C. Clark
                Jesse C. Clark, ct27448
                Churchill Law Group, LLC
                543 Prospect Avenue
                Hartford, CT 06105
                Tel. (860) 836-7881
                Fax (860) 236-2234
                Jcclark.law@outlook.com